UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NIONDRA TRENT,

                                      Plaintiff,

          -against-

GENESCO INC. and THE JOURNEYS GROUP,

                                Defendants.

Civil Action No.

**COMPLAINT**

JURY TRIAL DEMANDED

      Plaintiff, Niondra Trent ("Plaintiff"), by her attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

      1.      Plaintiff worked as an assistant store manager at Defendants' retail footwear store known as "Journeys", in the County of Suffolk, State of New York.

      2.      Plaintiff brings this action against Defendants for: 1) Defendants' failure to pay the required minimum wage, overtime wages, spread of hour wages and failure to provide proper wage statements in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and; 2) gender discrimination in which Defendants created, fostered, condoned, accepted, ratified and/or failed to prevent or remedy the hostile work environment Plaintiff was subjected to in violation of Title VII and New York State Human Rights Law ("NYSHRL").

## PARTIES

      3.      Plaintiff was and still is a resident of the County of Suffolk, State of New York.

      4.      Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*, NYLL § 160 *et seq.*; Title VII, 42 U.S.C. § 2000e *et seq.*, and NYSHRL, N.Y. Exec. Law § 290 *et seq.*

5.     Defendant Genesco Inc. was and still is a foreign corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business located at 1415 Murfreesboro Road, Nashville, Tennessee 37217.

6.     Defendant Genesco Inc. was and still is authorized to transact business in the State of New York.

7.     Defendant The Journeys Group was and still is a foreign corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business located at 1415 Murfreesboro Road, Nashville, Tennessee 37217.

8.     Defendant The Journeys Group was and still is authorized to transact business in the State of New York.

9.     "Journeys" is a chain of retail stores located throughout the United States.

10.     Defendant Genesco Inc. was and still is the owner and/or operator of the Journeys retail chain.

11.     Defendant Genesco Inc. was and still is operating and/or doing business as Journeys.

12.     Defendant The Journeys Group was and still is the owner and/or operator of the Journeys retail chain.

13.     Defendant The Journeys Group was and still is operating and/or doing business as Journeys.

14.     At all relevant times, Defendants employ more than one thousand (1,000) employees.

15.     Defendants are covered employers with the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*, NYLL § 160 *et seq.*, Title VII, 42 U.S.C. § 2000e *et seq.*, and NYSHRL, N.Y. Exec. Law

2

§ 290 *et seq.*

## JURISDICTION AND VENUE

16.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, in that this is an action arising under the FLSA and Title VII.

17.     This Court has supplemental jurisdiction of the claim arising under the NYLL and NYSHRL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA and Title VII claims as to form the same case or controversy under Article III of the United States Constitution.

18.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants transact a significant amount of business within this judicial district.

*EEOC*

19.     On or about March 4, 2016, Plaintiff filed a Verified Charge with the Equal Employment Opportunity Commission ("EEOC").

20.     Plaintiff's Verified Charge set forth Defendants' unlawful employment discrimination practices based upon Plaintiff's gender, including Plaintiff being subjected to severe and pervasive sexual harassment by Defendants and Defendants permitting, condoning or failing to prevent and/or remedy such harassment.

21.     The EEOC assigned Charge Number 520-2016-01732 to Plaintiff's Verified Charge.

22.     Despite receiving notice of Plaintiff's claims from the EEOC Defendants refused to respond to the incidents of sexual harassment that occurred.

23.     On or about July 14, 2016, Plaintiff was issued a Right to Sue letter by the EEOC.

3

## FACTS

### Background

24.     Journeys is a chain of retail stores that sells footwear and accessories and focuses on the market of 13 to 22 year old males and females.

25.     Journeys has more than 800 store locations throughout the U.S., Puerto Rico and Canada, and employees more than 1,000 individuals.

26.     Plaintiff worked as an assistant store manager ("ASM") at the Journeys store located at 669 Broadway Mall, Hicksville, New York 11801.

27.     Plaintiff worked at Journeys from approximately June 6, 2015 through July 31, 2015.

### Wage Violations

28.     As an ASM, Plaintiff's duties included, without limitation, the following, shipping and receiving, stock duties, replenishing items on the sales floor, cashier duties, opening and closing the register, cash handling, dropping off deposits, answering phones, preparing displays, processing customer orders, scanning items for customers, cleaning, sales and customer service.

29.     During her employment, Plaintiff worked shifts of approximately 9:00 a.m. to 9:00 p.m. and 1:00 p.m. to 12:00 a.m., five days per week for approximately fifty-five (55) to sixty (60) hours per week.

30.     Throughout her employment, Plaintiff was paid a base salary of $150.00 per week.

31.     Plaintiff additionally received commissions averaging $250.00 per week, for a total salary of approximately $400.00 per week, $6.66 per hour.

32.     At all relevant times, Defendant controlled the terms and conditions of Plaintiff's employment including the payment of wages and was Plaintiff's employer as defined under the

FLSA and NYLL.

33.     Plaintiff did not have the power to hire or fire employees nor the power to recommend the same at any time during her employment.

34.     Plaintiff did not exercise independent discretion in the performance of her duties and the majority of Plaintiff's work hours consisted of the performance of manual labor duties.

35.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

36.     At all relevant times, Plaintiff was paid below the statutory amounts required for the administrative and executive exemptions to the FLSA and NYLL and was not subject to such exemptions.

37.     At all relevant times, Plaintiff was paid below one and one half times the minimum wage rate for each hour worked and was not subject to the inside sales exemption.

38.     Plaintiff was required to be paid a minimum wage rate of $8.75 per hour throughout all relevant periods pursuant to NYLL § 652.

39.     Defendants regularly failed to pay Plaintiff the applicable minimum wage throughout her employment in violation of the FLSA and NYLL.

40.     Plaintiff was entitled to be paid at least one and one-half of her respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

41.     Throughout her employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

42.     Throughout her employment, Plaintiff was not paid one and one-half times her regular hourly work rate for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

43.     At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

44.     During her employment Plaintiff was not provided with proper wage statements.

**Sexual Harassment**

45.     The following is a list of the persons relevant to Plaintiff's claims:

- Dimetri Francis – Store Manager

- Chanel – Area Sales Manager

- Gary Cole – District Manager

- Angela Kushnir – Human Resources Manager

46.     Plaintiff was interviewed in the beginning of June 2015 by Dimetri Francis, the Store Manager of the Journeys store located at 669 Broadway Mall, Hicksville, New York 11801, for an ASM position.

47.     During the interview, Mr. Francis intentionally and inappropriately stared at Plaintiff from the top to bottom of her body before deciding to hire Plaintiff.

48.     Plaintiff was not provided with an employee handbook at the time of being hired nor at any time thereafter.

49.     Approximately two weeks after Plaintiff's employment began, Mr. Francis began making unwanted comments and sexual advances towards Plaintiff.

50.     Such harassment included, without limitation, Mr. Francis telling Plaintiff "you look sexy", "you're hot" and "you look really sexy with glasses".

51.     Throughout her employment, Plaintiff was subjected to unwanted touching and groping by Mr. Francis that included, without limitation, his approaching Plaintiff and putting his arms around her lower waist, hugging Plaintiff, and attempting to hold Plaintiff's hand.

52.     Despite repeatedly rebuffing Mr. Francis' advances, telling Mr. Francis to stop, that she was not interested in him and was already involved in a relationship, Mr. Francis continued to make sexual comments and physically touch Plaintiff.

53.     The aforesaid incidents occurred regularly and repeatedly throughout the period that Plaintiff worked at Journeys.

54.     In or about the end of June 2015, an incident occurred in which Mr. Francis asked Plaintiff over thirty (30) times to go on a date with him after work. Plaintiff repeatedly advised Mr. Francis that she did not wish to go on a date with him and out of frustration asked Mr. Francis "will this make the work relationship better?" to which Mr. Francis responded "I know what I'm going to get out of it I don't know about you".

55.     On or about the second week of July 2015, the Area Sales Manager, Chanel, came into Journeys. Plaintiff spoke with Chanel and obtained her contact information.

56.     On or about July 19, 2015, Plaintiff contacted Chanel and advised her of the ongoing harassment by Mr. Francis.

57.     Chanel told Plaintiff that she would speak to Mr. Francis and the District Manager, Gary Cole.

58.     Approximately fifteen minutes after the call, Chanel contacted Mr. Francis and Mr. Francis angrily left the store thereafter.

59.     On or about July 20, 2015, Chanel contacted Plaintiff and told Plaintiff that she could transfer to her store in Green Acres Mall in Queens.

60.     Plaintiff told Chanel that she did not want to be transferred and that she just wanted the situation to be fixed. Plaintiff then asked Chanel if she were to transfer to the Green Acres Mall location when the transfer would occur. In response, Chanel stated to Plaintiff that Plaintiff was a "liar" and "I don't think I want you at my store now." Chanel additionally stated during the conversation "well if you were Dimetri would you want to work with Niondra now?"

61.     On or about July 21, 2015, Chanel came to Journeys and spoke with Mr. Francis. During the conversation, Chanel stated to Mr. Francis "if I had a co-manager like that I wouldn't be able to work with her", apparently in reference to Plaintiff.

62.     On or about July 22, 2015, Plaintiff contacted the District Manager, Gary Cole, and informed him of the continual sexual harassment. Mr. Cole told Plaintiff that he would require a written statement. Later that day Plaintiff emailed Mr. Cole a statement to which Mr. Cole did not respond.

63.     The statement described the repeated harassment, including being touched in uncomfortable ways, inappropriately complimented, asked to go to dinner repeatedly, and being retaliated against by Mr. Francis when she rebuffed his advances.

64.     On or about July 22, 2015, finding the sexual and harassment and retaliation by Mr. Francis to have become unbearable, Plaintiff gave two weeks' notice of her resignation.

65.     On or about July 25, 2015, Mr. Cole came into Journeys and met with Mr. Francis throughout the day. Mr. Cole and Mr. Francis's interaction was friendly and amicable and there was no indication that Mr. Cole spoke with Mr. Francis regarding the incidents of sexual

8

harassment. Additionally, when Plaintiff's shift ended she was told by Mr. Cole and Mr. Francis that she would have to keep working until Mr. Cole left.

66.     On or about July 29, 2015, Plaintiff received an email from Angela Kushnir of Human Resources (HR) who stated that she was investigating Plaintiff's claims.

67.     After receiving notice of Plaintiff's reports of sexual harassment, Mr. Francis repeatedly retaliated against Plaintiff in which he constantly criticized Plaintiff's work and also required her to stay longer than her scheduled shift on numerous occasions.

68.     On or about July 31, 2015, Mr. Francis told Plaintiff that she could not leave at 6:00 p.m. and would have close the store. Disturbed by the continued retaliation by Mr. Francis and that no action was taken by Defendant, Plaintiff resigned from her employment after her shift.

69.     On or about August 14, 2015, Plaintiff contacted Ms. Kushnir and informed her of the incidents and advised Ms. Kushnir that a more detailed description was provided in a written statement Plaintiff provided to Mr. Cole.

70.     On or about August 20, 2015, Plaintiff received an email from Ms. Kushnir who told her that she needed specific examples of the touching and statements that were made.

71.     Plaintiff responded to Ms. Kushnir the following day and elaborated on the comments by Mr. Francis, the incidents of being groped around the waist and continually being asked by Mr. Francis to hang out and/or go on a date.

72.     On or about September 28, 2015, Plaintiff received an email from Ms. Kushnir advising Plaintiff that she could re-apply to Journeys in the future.

73.     At all relevant times, Plaintiff was a protected employee under Title VII and the NYSHRL.

74.     At all relevant times, Plaintiff's resignation due to the severe and pervasive sexual harassment she was subjected to constituted a constructive discharge under Title VII and the NYSHRL.

75.     Defendants discriminated against Plaintiff by depriving Plaintiff of her rights under Title VII and NYSHRL by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment in which Plaintiff was subjected to severe and pervasive sexual harassment.

76.     Due to the hostile work environment and sexual harassment Plaintiff was subjected to, Plaintiff has been caused to suffer extreme emotional distress, depression and humiliation.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage Under the FLSA*)

77.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

78.     At all relevant times, Defendants were subject to the minimum wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

79.     At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

80.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

81.     At all relevant times, Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

82.     Defendants were required to pay Plaintiff at a rate of $7.25 per hour from December 31, 2014 through December 30, 2015, pursuant to 29 U.S.C. § 206(a).

83.     Defendants have violated 29 U.S.C. § 206(a) by failing to compensate Plaintiff the applicable minimum hourly wage.

84.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216.

85.     Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the required minimum wage.

86.     Defendants has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

87.     Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, the Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
### (*Minimum Wage Under the NYLL*)

88.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

89.     At all relevant times, Plaintiff was an employee and Defendants were her employer within the meaning of NYLL §§ 190, 651 and 652.

90.     At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

11

91.     Defendants were required to pay Plaintiff at least a minimum wage rate of $8.75 per hour from December 31, 2014 through December 30, 2015,  pursuant to NYLL § 652.

92.     Defendants have violated NYLL § 652 by failing to compensate Plaintiff the applicable minimum hourly wage.

93.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

94.     Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the required minimum wage.

95.     Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

96.     Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

### AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime Under the FLSA)*

97.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

98.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

99.     Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

12

100.    At no time have the Defendants paid Plaintiff a rate of one and one half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

101.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours a week.

102.    As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

103.    As Defendants did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE FOURTH CAUSE OF ACTION
### *(Overtime Under the NYLL)*

104.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

105.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

106.    Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employee's regular rate of pay for any hours in excess of forty (40) worked in any workweek.

107.    Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

108.    At no time did Defendants pay Plaintiff a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

109.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

110.    As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

111.    As Defendants did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

### AS AND FOR THE FIFTH CAUSE OF ACTION
*(Violations of the NYLL for Failure to Pay Spread of Hours)*

112.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

113.    Defendants consistently required Plaintiff to work in excess of ten (10) hours per day each workday.

114.    Defendants failed to pay Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours in violation of 12 NYCRR § 142-2.4.

14

115.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours.

116.    Plaintiff is entitled to recover from Defendants the full amount of her unpaid wages originating from the spread of hours provision, along with all reasonable attorney fees, interest, and costs pursuant to NYLL§ 198.

117.     As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

118.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

119.    At all relevant times, Defendants failed to provide Plaintiff with the proper statements with every payment of wages, as required by NYLL § 195.

120.    As Defendants failed to provide Plaintiff with proper statements with every payment of wages as required by NYLL § 195, Plaintiff is entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, together with all reasonable attorney fees and costs.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
*(Title VII Hostile Work Environment)*

121.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

122.    Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to unwanted sexual advances, comments, physical touching, and refusing to respond to Plaintiff's demands to cease and desist from such discrimination and harassment.

123.    The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment and result in Plaintiff's constructive discharge.

124.    The motivating factor for the hostile treatment of Plaintiff was Plaintiff's gender.

125.    But for Plaintiff's gender, Plaintiff would not have been subject to a hostile work environment.

126.    Defendants' severe and pervasive harassment of Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

127.    By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

128.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
*(NYSHRL Hostile Work Environment)*

129.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

130.    Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to unwanted sexual advances, comments, physical touching, and refusing to respond to Plaintiff's demands to cease and desist from such discrimination and harassment.

16

131.    The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment and result in Plaintiff's constructive discharge.

132.    The motivating factor for the hostile treatment of Plaintiff was Plaintiff's gender.

133.    But for Plaintiff's gender, Plaintiff would not have been subject to a hostile work environment.

134.    Defendants' severe and pervasive harassment of Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

135.    By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by N.Y. Exec. Law § 296(1).

136.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, pain and suffering.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  On the First Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B.  On the Second Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C.  On the Third Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all

reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendants, for all spread of hour wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. On the Seventh Cause of Action on behalf of Plaintiff against Defendants, for compensatory damages, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

H. On the Eighth Cause of Action on behalf of Plaintiff against Defendants, for compensatory damages, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

I. Interest;

18

J.   Costs and disbursements; and

K.   Such other and further relief as is just and proper.

Dated: Melville, New York
     September 26, 2016

                        Respectfully submitted,
                        SLATER SLATER SCHULMAN LLP


                        By: /s/ _____
                        Matthew Madzelan, Esq. (MM-7354)
                        Attorneys for Plaintiff
                        445 Broad Hollow Road, Suite 334
                        Melville, New York 11747
                        (631) 420-9300

19